<table>
<tr><td>UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>HOLCIM SOLUTIONS AND PRODUCTS US,<br>LLC, f/k/a FIRESTONE BUILDING PRODUCTS<br>COMPANY, LLC,<br><br>                    Plaintiff,<br><br>    -against-<br><br>MCDONALD METAL & ROOFING SUPPLY<br>CORP.,<br><br>                    Defendant.</td><td>**MEMORANDUM & ORDER**<br>**23-CV-04448 (NGG) (CLP)**</td></tr>
</table>

NICHOLAS G. GARAUFIS, United States District Judge.

This is an action commenced by Plaintiff Holcim Solutions and Products US, LLC, f/k/a Firestone Building Products Company ("Holcim") against Defendant McDonald Metal & Roofing Supply Corp. ("McDonald"), seeking damages for breach of contract and unjust enrichment. (*See* Complaint (Dkt. 1).) Pending before the court are Magistrate Judge Cheryl L. Pollak's Report and Recommendation ("R&R") on Holcim's motion for default judgment, and Holcim's Objections to that R&R. (*See* Mot. for Default J. ("Mot.") (Dkt. 21); R&R dated 07/14/2024 ("R&R") (Dkt. 27); Pl.'s Objections to R&R (Dkt. 28).) For the reasons set forth below, the court ADOPTS IN FULL the R&R.

## I. BACKGROUND

The court assumes familiarity with the background of this case in light of Magistrate Judge Pollak's description of the foregoing factual and procedural history in her R&R. (R&R at 1-2.) Judge Pollak issued the annexed R&R on July 14, 2024, recommending that the court deny Plaintiff's motion for default judgment without prejudice for failure to follow the Local Civil Rules of the U.S. District Courts for the Southern and Eastern Districts of New York

1

("Local Civil Rules"). (*See generally id.*) Judge Pollak further recommended that the court grant Plaintiff leave to renew its motion in compliance with the Local Civil Rules. (*Id.* at 7.) Plaintiff filed objections on July 29, 2024. (*See* Pl.'s Objections to R&R.)

## II. LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made" by a magistrate judge in an R&R. 28 U.S.C. § 636(b)(1)(C). Where a party timely and specifically objects, the court conducts a *de novo* review of the contested portions of the R&R. *Fischer v. Forrest*, 286 F. Supp. 3d 590, 601 (S.D.N.Y. 2018). "However, when a party makes only conclusory or general objections, or simply reiterates his original arguments, the court reviews the report and recommendation strictly for clear error." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 715 (S.D.N.Y. 2020).[1]

## III. DISCUSSION

Plaintiff makes two objections to the R&R. (*See generally* Pl.'s Objections to R&R.) The court addresses each objection in turn below.

First, Plaintiff objects that it has functionally complied with Local Civil Rules 7.1(a) and 55.2(b).[2] This is a specific objection. As

---

[1] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

[2] The court notes that Local Civil Rules 7.1(a) and 55.2(b) were updated on July 1, 2024. Per Local Civil Rule 1.1., "[t]hese Local Civil Rules take effect on July 1, 2024 (the 'Effective Date') and govern actions pending or filed on or after that date. For actions pending on the Effective Date, if fewer than 14 days remain to perform an action governed by these Rules, the provisions of the previous Local Rules effective on June 30, 2024 will govern." E.D.N.Y. L.R. 1.1. Plaintiff filed its pending motion on January 10,

such, the court reviews this objection *de novo*. As discussed by Magistrate Judge Pollak, Plaintiff has not complied with the relevant rules. In particular, Plaintiff has not filed (1) a memorandum of law, setting forth legal authority upon which it seeks default judgment and damages as required by Local Civil Rule 7.1(a)(2); (2) an affidavit in support, containing factual information necessary for the decision as required by Rule 7.1(a)(3); nor has Plaintiff appended to its application for default judgment (3) the Clerk of Court's certificate of default as required by Rule 55.2(b)(1); or (4) a copy of the claim to which no response has been made as required by Rule 55.2(b)(2). (R&R at 4-6.) On *de novo* review of the claims, the Motion, the R&R, and the Complaint, the court agrees with Magistrate Judge Pollak's recommendation and finds that dismissal with leave to renew is proper. *See Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024), *petition for cert. filed*, No. 24-104 (July 29, 2024) (emphasizing that district courts have broad discretion in determining whether to overlook a party's failure to comply with local court rules); *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995) (noting that a default judgment is "the most severe sanction which the court may apply").

Plaintiff argues that it functionally complied with the Local Civil Rules because, even though it did not attach a memorandum of law or supporting affidavits, its motion cites the Verified Complaint, which is the equivalent of an affidavit. (Pl.'s Objections to R&R at 2-3.) Similarly, Plaintiff contends that although it did not append the certificate of default and copy of the claim, Plaintiff referenced these documents in its motion, and the R&R recognized these documents. (*Id.* at 3-4.)

---

2024. (*See generally* Mot.) Thus, the previous Local Civil Rules govern here, and the court's Order is in accord with the rules in effect on June 30, 2024.

3

However, while the court may review the docket to find support for Plaintiff's motion, the relevant Local Civil Rules—in particular, requirements to append a memorandum of law with supporting affidavits, copy of the claim, and certificate of default—promote fairness and efficiency to the party who faces the extreme sanction of a default judgment. *See Transatlantic Auto Grp., Inc. v. Unitrans-PRA Co.*, No. 08-CV-5070 (DLI) (CLP), 2011 WL 4543877, at *20 (E.D.N.Y. Sept. 9, 2011) (acknowledging the local rules relating to default provide more protection for non-appearing defendants than the Federal Rules of Civil Procedure to promote fairness and efficiency), *report and recommendation adopted*, No. 08-CV-5070 (DLI) (CLP), 2011 WL 4543838 (E.D.N.Y. Sept. 29, 2011); *see also Century Sur. Co. v. Atweek, Inc.*, No. 16-CV-335 (ENV) (PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018) (clarifying that pursuant to Local Civil Rule 55.2(b), "[t]he fact that some of these [required] items may be found electronically, scattered on the docket, does not absolve movants of their obligation to collect and append copies to their moving papers") (collecting cases).

Furthermore, Plaintiff's argument that courts within the Second Circuit have preference for deciding issues on the merits rather than on procedural deficiencies, (Pl.'s Objections to R&R at 1), carries little weight where the "merits" would be to award a default judgment. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (discussing the severity of the sanction of a default judgment and the preference for resolving disputes on the merits). In such situations, "[i]t is the responsibility of the trial court to maintain a balance between clearing its calendar and affording litigants a reasonable chance to be heard." *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). And "because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Id.* Plaintiff's failure to comply with the Local Civil Rules

4

has raised such doubts here. To that end, "the courts in this District have repeatedly held that a movant's failure to comply with Local [Civil] Rule 55.2 warrants denial of default judgment application." *Lugo v. Allstate Ins. Co.*, 19-CV-7150 (JMA) (JMW), 2022 WL 3928727, at *5 (E.D.N.Y. Aug. 10, 2022) (collecting cases), *report and recommendation adopted*, 19-CV-7150 (JMA) (JMW), 2022 WL 3914981 (E.D.N.Y. Aug. 31, 2022). Therefore, this court agrees with Judge Pollak's recommendation to deny the motion.

Second, Plaintiff argues that "[e]ven if the Court finds that the Motion failed to comply with Local Civil Rules 7.1(a) and 55.2(b), the Court should grant the Motion." (Pl.'s Objections to R&R at 4-5). Again, the court reviews this specific objection *de novo* and finds no merit in Plaintiff's objection. As Plaintiff notes in its objection, "[d]istrict courts have inherent authority to determine when to overlook or excuse a departure form its own local rules, regardless of whether such departure is authorized in the local rules or not." (*Id.* at 4 (quoting *City Merch. Inc. v. Tian Tian Trading, Inc.*, No. 19-CV-9649 (MKV), 2021 WL 119075, at *3 (S.D.N.Y. Jan. 13, 2021).) To be clear, however, courts exercise their inherent authority to excuse or overlook a party's noncompliance "only where the application of the local rule would produce an unfair result." *Jaimie Shipping, Inc. v. Oman Ins. Co.*, No. 08-CV-6882 (JFK), 2008 WL 4178861, at *7 (S.D.N.Y. Sept. 8, 2008) (discussing cases in which the Second Circuit courts have departed from a local rule to avoid default or untimely filing for remand). No drastic consequence to Plaintiff is at issue here. To the contrary, granting the motion with deficiencies would have such consequences for Defendant. Instead, Judge Pollak recommends denying the motion for default "*without* prejudice and with leave to renew." (R&R at 7 (emphasis added).) This court agrees. Plaintiff's "inconvenience of submitting to the local rule's strictures" is not enough to warrant otherwise. *See Jaimie Shipping, Inc.*, 2008 WL 4178861, at *7.

5

## IV. CONCLUSION

Finding no merit to any of Plaintiff's objections, the court ADOPTS IN FULL the Magistrate Judge's R&R.

SO ORDERED.

Dated: Brooklyn, New York
August 30, 2024

s/Nicholas G. Garaufis<br>
NICHOLAS G. GARAUFIS<br>
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HOLCIM SOLUTIONS AND PRODUCTS US, LLC, f/k/a FIRESTONE BUILDING PRODUCTS COMPANY, LLC,

                Plaintiff,

          -against-

MCDONALD METAL & ROOFING SUPPLY CORP.,

                Defendant.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
23 CV 4448 (NGG) (CLP)

**POLLAK**, United States Magistrate Judge:

On June 15, 2023, plaintiff Holcim Solutions and Products US, LLC, f/k/a Firestone Building Products Company ("Holcim"), commenced this action against defendant McDonald Metal & Roofing Supply Corp. ("McDonald"), seeking damages for breach of contract and unjust enrichment. (Compl.[1]). Despite proper service, defendant failed to file an answer or otherwise respond to the Complaint, and a default was entered on December 28, 2023 (ECF No. 20). Plaintiff thereafter filed a motion for default judgment (the "Motion") (ECF No. 21), which was referred to this Court by the Honorable Nicholas G. Garaufis on April 17, 2024.

For the reasons set forth below, the Court respectfully recommends that plaintiff's motion for default judgment be denied, without prejudice to refile in accordance with Local Civil Rules 7.1 and 55.2.

## FACTUAL BACKGROUND

Plaintiff Holcim alleges that it is a for-profit corporation, incorporated under the laws of the State of Indiana, with its principal place of business in Tennessee. (Compl. ¶ 1). Holcim

---

[1] Citations to "Compl." refer to plaintiff's Verified Complaint For Breach of Contract and Unjust Enrichment, filed June 15, 2023. (ECF No. 1).

1

sells roofing and building solutions, including self-adhering roofing membranes, and waterproofing technology. (Id. ¶ 8). Defendant McDonald is a for-profit corporation, incorporated in the State of New York, with its principal place of business located at One Avenue M, Brooklyn, New York, 11230. (Id. ¶¶ 2, 3).

The Complaint alleges that from time to time, defendant McDonald would purchase, and Holcim would agree to sell and deliver to defendant, certain roofing and building products. (Id. ¶ 9). Holcim would issue invoices to defendant reflecting the products sold and delivered to defendant. (Id. ¶ 10). From approximately October 30, 2018, through approximately January 31, 2022, Holcim allegedly sold and delivered to defendant $951,132.34 in goods pursuant to defendant's request. (Id. ¶¶ 11, 12, Ex. A). Holcim asserts two claims: one for breach of contract in the amount of $951,132.34 (Count I); and a second alternative claim for unjust enrichment based on defendant's nonpayment for goods sold by plaintiff (Count II).

Following the filing of the Complaint, defendant was served on November 10, 2023, by service upon the New York State Secretary of State. (ECF No. 17). When defendant failed to appear and file an answer, a default was entered by the Clerk of Court on December 28, 2023. (ECF No. 20). Plaintiff filed the Motion on January 10, 2024. (ECF No. 21). On June 4, 2024, this Court issued an Order inviting defendant to submit papers in response to plaintiff's motion or to request a hearing and Ordered plaintiff to serve the Court's Order on defendant. (ECF No. 24). On June 6, 2024, plaintiff filed a certificate of service showing that it had served defendant with a copy of the Court's Order. (ECF No. 25). Defendant filed no papers and did not contact the Court to request a hearing. Nevertheless, the Court scheduled a hearing for July 24, 2024.

2

DISCUSSION

I. Legal Standard

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55 sets forth a two-part procedure for entering a default judgment. First, the Clerk of Court enters a default by noting the defaulting party's failure to respond or appear. Id. Second, if the defaulting party fails to vacate the entry of default pursuant to Rule 55(c), the appearing party may seek a default judgment to establish liability and, if proven, damages. Fed R. Civ. P. 55(b).

In determining whether a default judgment should be entered, the Second Circuit has cautioned that a default judgment is an "extreme sanction" that "must remain a weapon of last, rather than first, resort." Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981); see also Sheet Metal, Air, Rail & Transp. Workers Loc. Union No. 127 v. Frank Torrone & Sons, Inc., No. 14 CV 2224, 2018 WL 4771897, at *4 (E.D.N.Y. Oct. 3, 2018), adopting report and recommendation, 2018 WL 6161655 (E.D.N.Y. Sept. 4, 2018). While the Second Circuit has recognized the pressure on district courts "to dispose of cases that . . . delay and clog [their] calendar[s]" due to the litigants' "disregard of the rules," the Circuit instructs district courts to "maintain a balance between clearing [their] calendar[s] and affording litigants a reasonable chance to be heard." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95–96 (2d Cir. 1993); see also Jeremiah v. 5 Towns Jewish Times, Inc., No. 22 CV 5942, 2023 WL 6593997, at *2 (E.D.N.Y. Aug. 9, 2023), report and recommendation adopted, 2023 WL 5703698 (E.D.N.Y. Sept. 5, 2023). Thus, in light of the "oft-stated preference for resolving disputes on the merits," defaults are "generally disfavored" and "doubt[s] should be resolved in favor of the defaulting party."

3

Enron Oil Corp. v. Diakuhara, 10 F.3d at 95–96; see also Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (stating that courts must "supervise default judgments with extreme care to avoid miscarriages of justice"). Furthermore, "[Rule 55(b)] states that a judgment by default 'may' be entered under specified circumstances, not that it must." Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. at 162. Accordingly, a plaintiff is not entitled to a default judgment as a matter of right simply because the defendant is in default, see, e.g., id., and courts have significant discretion in deciding whether to enter default judgment, see Jeremiah v. 5 Towns Jewish Times, Inc., 2023 WL 6593997, at *2.

The burden is on the plaintiff to establish his entitlement to recovery. See Greyhound ExhibitGroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 506 U.S. 1080 (1993). When a default judgment is entered, the defendants are deemed to have admitted all well-pleaded allegations in the complaint pertaining to liability, but not those related to damages. See id.; Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

II. Analysis

Before recommending that the court enter default judgment, this Court must determine if plaintiff has complied with the procedural requirements of the Local Civil Rules of the Eastern and Southern Districts of New York (the "Local Civil Rules"). Bhagwat v. Queens Carpet Mall, Inc., No. 14 CV 5474, 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017) (holding that "A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules"); see also Morales v. Los Caetales Res. Corp., No. 21 CV 1868, 2023 WL 375647, at *3 (E.D.N.Y. Jan. 3, 2023) (quoting Contino v. United States, 535 F.3d 124, 126 (2d Cir. 2008) for the proposition that "[l]ocal rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution"), report and recommendation adopted, 2023 WL 375642 (E.D.N.Y. Jan. 24, 2023).

4

Pursuant to Local Civil Rule 55.2(b), a movant's motion for default judgment must append "(1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment." Here, plaintiff has not complied with Rule 55.2(b), having only appended a proposed form of judgment to its motion.

Moreover, even if plaintiff had complied with the procedural requirements of Local Civil Rule 55, it has not complied with Local Civil Rule 7.1(a), pursuant to which filings for a dispositive motion must include:

> (1) A notice of motion, or an order to show cause signed by the court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion;
>
> (2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined; and
>
> (3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion.

Courts in this Circuit have held that a moving party's failure to attach a memorandum of law and other supporting documents in accordance with Local Civil Rule 7.1 is sufficient grounds to deny a motion. Avillan v. Donahoe, No. 13 CV 509, 2015 WL 728169, at *6–7 (S.D.N.Y. Feb. 19, 2015) (explaining that the "failure to submit a memorandum of law, standing alone, is sufficient cause for granting or denying a motion" (quoting Wenzhou Wanli Food Co., Ltd. v. Hop Chong Trading Co., No. 98 CV 5045, 2000 WL 964944, at *3 (S.D.N.Y. July 11, 2000))); see also Agarwal v. United States, No. 14 CV 1873, 2015 WL 5638032, at *2, *4 (S.D.N.Y. July 20, 2015) (holding that default judgment motion was "procedurally defective" because movant failed to file a supporting memorandum of law, affidavit, and exhibits "containing any factual information . . . necessary for the decision of the motion, as required by

5

the court's Local Civil Rules"), report and recommendation adopted 2015 WL 5794418 (S.D.N.Y. Oct. 5, 2015). While district courts retain broad discretion to excuse or overlook a party's failure to comply with the local rules, they typically will not do so unless the "interests of justice" support that approach. Cea v. Access 23 TV, No. 11 CV 3791, 2015 WL 5474070, at *3 (S.D.N.Y. Sept. 15, 2015); see also Cardoza v. Mango King Farmers Mkt. Corp., No. 14 CV 3314, 2015 WL 5561033, at *2 n.4 (E.D.N.Y. Sept. 1, 2015) (explaining that a court "may deny [a] motion" for failure to comply with local filing rules but "is not required to do so"), report and recommendation adopted, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015).

In support of plaintiff's request for entry of default judgment, plaintiff has submitted a Motion for Default Judgment and a Proposed Order, as well as an Affidavit of Service for Motion for Default Judgment and a Certificate of Counsel attesting to the service of the motion, and the absence of any objections by defendant. (ECF Nos. 21–23). The Complaint itself also attaches invoices that purportedly pertain to the goods for which plaintiff asserts it is owed payment. (Compl., Ex. A). However, plaintiff has not filed a Memorandum of Law setting forth the legal authority upon which it seeks default judgment and damages, nor has plaintiff provided any "[s]upporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the exhibits attached thereto." Local Civ. R. 7.1(a)(3).

Plaintiff's failure to comply with the filing requirements cannot be excused in this case. Plaintiff has not provided the Court with any information on the appropriate quantum of damages in this case according to applicable caselaw. With no additional information from anyone with knowledge that the allegations pertaining to damages, the invoices, and the amounts set forth therein are accurate, and with no further explanation as to the basis for the amounts requested, the Court is left to take on trust the accuracy of plaintiff's allegations—including the allegation that no payments toward the invoices have been made—and the numbers listed in the invoices.

6

While the defendant is deemed to have admitted all well-pleaded allegations in the complaint pertaining to liability, Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 7, 83 (E.D.N.Y. 2012), "the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Parris v. Pappas, 844 F. Supp. 2d 271, 274 (D. Conn. 2012) (quoting Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)). In the absence of a Memorandum of Law and supporting factual affidavits, the Court cannot determine if plaintiff has carried its burden of demonstrating damages.

## CONCLUSION

Accordingly, the Court respectfully recommends that plaintiff's motion for default judgment be denied at this time without prejudice and with leave to renew in compliance with this Report and Recommendation and the Court's Local Civil Rules. The inquest hearing set for July 24, 2024, is adjourned *sine die*.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008). Plaintiff is Ordered to serve this Report and Recommendation on defendant and file proof of service on the docket within one week.

**SO ORDERED.**

Dated: Brooklyn, New York
July 14, 2024

*Cheryl L. Pollak*
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

7