UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────
HOLCIM SOLUTIONS AND PRODUCTS US, LLC, f/k/a FIRESTONE BUILDING PRODUCTS COMPANY, LLC,

      Plaintiff,

 -against-

MCDONALD METAL & ROOFING SUPPLY CORP.,

      Defendant.
───────────────────────────────

**MEMORANDUM & ORDER**

**23-CV-4448 (NGG) (CLP)**

NICHOLAS G. GARAUFIS, United States District Judge.

This is an action commenced by Plaintiff Holcim Solutions and Products US, LLC, f/k/a Firestone Building Products Company ("Holcim" or "Plaintiff") against Defendant McDonald Metal & Roofing Supply Corp. ("McDonald"), seeking damages for breach of contract and unjust enrichment. (*See* Complaint (Dkt. 1).) Pending before the court is Magistrate Judge Cheryl L. Pollak's Report and Recommendation ("R&R") recommending that the court grant Holcim's second motion for default judgment. (*See* Pl.'s Not. of Second Mot. for Default J. (Dkt. 30); R. & R. Dated 2/27/2025 ("R&R") (Dkt. 35).) For the reasons set forth below, the court respectfully REJECTS the R&R and DENIES Plaintiff's motion for default judgment without prejudice. Plaintiff may file a renewed motion for default judgment by May 9, 2025. Any motion for default judgment must be filed in accordance with the Local Civil Rules of the U.S. District Courts for the Southern and Eastern Districts of New York ("Local Civil Rules") effective at the time of the filing of such motion.

I. **BACKGROUND**

The court assumes the parties' familiarity with the underlying facts and procedural history of this case in light of Judge Pollak's

1

description of the factual and procedural history in the annexed R&R and the R&R issued on July 14, 2024. (R&R at 1-3; R. & R. Dated 7/14/2024 (Dkt. 27) at 1-2.) Judge Pollak issued the annexed R&R on February 27, 2025, recommending "that plaintiff's motion for default judgment be granted, and that a default judgment enter against defendant McDonald in the amount of $951,132.34." (R&R at 9.) Judge Pollak also recommended "that plaintiff be granted post-judgment interest pursuant to 28 U.S.C. § 1961(a)." (*Id.* (footnote omitted).) No party has objected to the R&R and the time to do has passed. *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

## II. LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made" by a magistrate judge in an R&R. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Where a party timely and specifically objects, the court conducts a *de novo* review of the contested portions of the R&R. *Fischer v. Forrest*, 286 F. Supp. 3d 590, 601 (S.D.N.Y. 2018). "However, when a party makes only conclusory or general objections, or simply reiterates his original arguments, the court reviews the report and recommendation strictly for clear error." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 715 (S.D.N.Y. 2020).[1] Likewise, the court reviews the report and recommendation for clear error "[w]hen neither party submits an objection[.]" *Filippo v. Saul*, 483 F. Supp. 3d 213, 214 (S.D.N.Y. 2020); *see also Rubinstein & Assocs., PLLC v. Entrepreneur Media, Inc.*, 554 F. Supp. 3d 506, 510 (E.D.N.Y. 2021) ("Those parts of an R. & R. that are uncontested, or to which no proper objection

---

[1] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

has been made, may be reviewed for clear error."). "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, [] left with the definite and firm conviction that a mistake has been committed.'" *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

### III. DISCUSSION

The court finds that Plaintiff has not complied with the pertinent Local Civil Rules. To that end, it was clear error to recommend that Plaintiff's motion for default judgment be granted. Therefore, the court respectfully REJECTS Judge Pollak's R&R.

"A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules." *Jimenez v. Green Olive Inc.*, 744 F. Supp. 3d 221, 241-42 (E.D.N.Y. 2024); *see also Century Sur. Co. v. Atweek, Inc.*, No. 16-CV-335 (ENV) (PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018) (denying the motion for default judgment for failure to comply with Local Civil Rules). "Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution." *Trs. of Pavers & Rd. Builders Dist. Council Welfare, Pension, and Annuity Funds v. IKNA Constr. LLC*, No. 24-CV-561 (CBA) (JAM), 2025 WL 447731, at *6 (E.D.N.Y. Jan. 15, 2025), *amended report and recommendation adopted*, 2025 WL 777108 (E.D.N.Y. Mar. 11, 2025).

In relevant part, Local Civil Rule 55.2(a) states as follows:

> (a) In addition to following the applicable procedures in either (b) or (c) below, any party seeking a default judgment must file:
>
> (1) an affidavit or declaration showing that:

  (A) the clerk has entered default under Local Civil Rule 55.1;

  (B) the party seeking default judgment has complied with the Servicemembers Civil Relief Act, 50a U.S.C. § 521; and

  (C) the party against whom judgment is sought is not known to be a minor or an incompetent person, or, if seeking default judgment by the court, the minor or incompetent person is represented by a general guardian, conservator, or other fiduciary who has appeared.

  . . .

(3) a certificate of service stating that all documents in support of the request for default judgment, including the "Clerk's Certificate of Default" and any papers required by this rule, have been personally served on, or mailed to the last known residence (for an individual defendant) or business address (for other defendants) of, the party against whom default judgment is sought.

E.D.N.Y. Loc. Civ. R. 55.2(a)(1), (3) (eff. July 1, 2024).[2] In addition, Local Civil Rule 55.2(c) requires the moving party to "file a

---

[2] Because Holcim "served [the instant] Motion . . . on Defendant on July 22, 2024, providing a return date of August 26, 2024[,]" (*see* Pl.'s Second Mot. for Default J. (Dkt. 30-1) at 1), this court's Local Civil Rules effective as of July 1, 2024—not the rules effective as of October 15, 2021—apply here, *see* E.D.N.Y. Loc. Civ. R. 1.1 ("These Local Civil Rules take effect on July 1, 2024 . . . and govern actions pending or filed on or after that date."); *see also Jimenez*, 744 F. Supp. 3d at 241 n.2 (applying the October 15, 2021 Local Civil Rules to a motion filed in February 2024 but resolved in August 2024).

4

statement of damages, sworn or affirmed to by one or more people with personal knowledge, in support of the request, showing the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs." E.D.N.Y. Loc. Civ. R. 55.2(c).

"[T]he courts in this District have repeatedly held that a movant's failure to comply with Local [Civil] Rule 55.2 warrants denial of default judgment application." *Lugo v. Allstate Ins. Co.*, No. 19-CV-7150 (JMA) (JMW), 2022 WL 3928727, at *5 (E.D.N.Y. Aug. 10, 2022) (collecting cases), *report and recommendation adopted*, (JMA) (JMW), 2022 WL 3914981 (E.D.N.Y. Aug. 31, 2022). And "because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

Plaintiff failed to comply with the applicable Local Civil Rules in filing its motion for default. Specifically, Plaintiff has not filed (1) an affidavit or declaration showing what is set forth under Local Civil Rule 55.2(a)(1); or (2) a statement of damages as required by Local Civil Rule 55.2(c).[3] Furthermore, because Holcim's filing is deficient with respect to aforementioned paragraphs of Local Civil Rule 55.2, Holcim has also failed to file "a certificate of service stating that," among other things, "*any papers required by this rule*, have been personally served on, or mailed to the last

---

[3] On February 19, 2025, Judge Pollak ordered Plaintiff to submit a supplemental letter explaining its calculation of its requested damages. (Text Order Dated 2/19/2025.) Plaintiff submitted its supplemental letter on February 26, 2025. (Suppl. Damages Letter (Dkt. 34).) While this supplemental letter may be considered a "statement of damages," it was not "sworn or affirmed to by one or more people with personal knowledge" as required by Local Civil Rule 55.2(c). Nor is there any evidence that Holcim served this supplemental letter on Defendant McDonald as required by Local Civil Rule 55.2(a)(3).

known residence" of Defendant. *See* E.D.N.Y. Loc. Civ. R. 55.2(a)(3) (emphasis added). When this court issued its August 2024 Order, it explicitly emphasized (in a footnote) the relevant updates to the Local Civil Rules. *See Holcim Sols. & Prods. US, LLC v. McDonald Metal & Roofing Supply Corp.*, No. 23-CV-4448 (NGG) (CLP), 2024 WL 4002870, at *1 n.2 (E.D.N.Y. Aug. 30, 2024). It appears that Plaintiff did not carefully examine this court's August 2024 Order. (*See* Pl.'s Mem. in Supp. of Second Mot. for Default J. (Dkt. 30-2) at 5-6 (discussing Local Civil Rules effective on October 15, 2021).) Nor did Plaintiff conduct its own due diligence to ascertain that its motion complies with Rule 55.2 of the Local Civil Rules in effect at the time of the filing of Plaintiff's motion. Thus, once again, the court highlights that this court updated its Local Civil Rules on January 2, 2025.[4] *See generally* E.D.N.Y. Loc. Civ. R. (eff. Jan. 2, 2025).

Accordingly, the court respectfully REJECTS Judge Pollak's R&R because "upon review of the entire record," it is "left with the definite and firm conviction that a mistake has been committed." *See DiPilato*, 662 F. Supp. 2d at 339-40 (explaining the circumstances under which "[a] decision is clearly erroneous"). The court also DENIES Plaintiff's motion for default judgment for failure to comply with Local Civil Rules 55.2(a)(1), (3), and 55.2(c). *See Jimenez*, 744 F. Supp. 3d at 241-42 (recognizing that "[a] motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules"); *see also Atweek*, 2018 WL 10466835, at *1 (denying the plaintiff's motion for default judgment for failure to comply with Local Civil Rules 55.1 and 55.2).

---

[4] The court notes, however, that Local Civil Rule 55.2 is exactly the same in both the July 1, 2024 version and the January 2, 2025 version. *See* Redline E.D.N.Y. Loc. Civ. R. 55.2 (eff. Jan. 2, 2025).

## IV. CONCLUSION

For the reasons discussed above, the court respectfully REJECTS Judge Pollak's R&R and DENIES Plaintiff's motion for default judgment without prejudice. Plaintiff may file a renewed motion for default judgment by May 9, 2025. Plaintiff's renewed motion, if any, must comply with the Local Civil Rules in effect at the time of the filing of such motion.

SO ORDERED.

Dated:   Brooklyn, New York
         March 26, 2025

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HOLCIM SOLUTIONS AND PRODUCTS
US, LLC, f/k/a FIRESTONE BUILDING
PRODUCTS COMPANY, LLC,

                        Plaintiff,

            -against-

MCDONALD METAL & ROOFING
SUPPLY CORP.,

                        Defendant.
-----------------------------------------------------------X
```

**REPORT AND RECOMMENDATION**
23 CV 4448 (NGG) (CLP)

**POLLAK**, United States Magistrate Judge:

On June 15, 2023, plaintiff Holcim Solutions and Products US, LLC, f/k/a Firestone Building Products Company ("plaintiff" or "Holcim"), commenced this action against defendant McDonald Metal & Roofing Supply Corp. ("defendant" or "McDonald"), seeking damages for breach of contract and unjust enrichment. (Compl.[1]).

Currently pending before the Court is plaintiff's renewed motion for default judgment. (ECF No. 30). For the reasons set forth below, the Court respectfully recommends that plaintiff's motion be granted.

## BACKGROUND

The factual background to this lawsuit is set forth in greater detail in this Court's prior Report[2] and incorporated by reference herein.

In essence, plaintiff Holcim sells trusted roofing and building solutions. (Compl. ¶ 8). From time to time, plaintiff alleges that defendant requested to purchase roofing and building

---

[1] Citations to "Compl." refer to plaintiff's Verified Complaint for Breach of Contract and Unjust Enrichment, filed June 15, 2023. (ECF No. 1).

[2] Citations to "Report" refer to the Court's prior Report and Recommendation, issued on July 14, 2024 (ECF No. 27).

1

products, which plaintiff agreed to sell and deliver. (Id. ¶ 9). From approximately October 30, 2018 through January 31, 2022, plaintiff allegedly sold and delivered goods valued at $951,132.34 per defendant's request, and these transactions were reflected in invoices issued to defendant. (Id. ¶¶ 10, 11, 12, Ex. A). Plaintiff alleges that defendant failed to pay for the products plaintiff delivered to defendant and asserts two claims: (1) breach of contract in the amount of $951,132.34 (Count I); and (2) unjust enrichment based on defendant's nonpayment for goods sold by plaintiff in the alternative (Count II).

Defendant was served on November 10, 2023 by service upon the New York State Secretary of State. (ECF No. 17). When defendant failed to answer the Complaint or appear to defend the case, a default was entered by the Clerk of Court on December 28, 2023. (ECF No. 20). Plaintiff thereafter filed a motion for default judgment (ECF No. 21), which was later referred to the undersigned by the Honorable Nicholas G. Garaufis. (See Docket Order, dated April 17, 2024).

On July 14, 2024, this Court issued a Report and Recommendation, recommending that plaintiff's motion be denied without prejudice to refile in accordance with Local Civil Rules 7.1 and 55.2. (Report at 7). Overruling plaintiff's objection (see ECF No. 28), the district court adopted the Report on August 30, 2024. (ECF No. 31).

By Notice of Motion filed on August 26, 2024, plaintiff renewed its motion for default judgment, accompanied by a copy of the Clerk's Certificate of Default, the Verified Complaint, a proposed form of judgment, a Memorandum of Law, and supporting exhibits in compliance with Local Civil Rules 7.1 and 55.2. (See ECF No. 30). Plaintiff's renewed motion for default judgment was also referred to the undersigned by the Honorable Nicholas G. Garaufis. (See Docket Order, dated September 12, 2024).

2

On October 24, 2024, this Court issued an Order indicating that plaintiff's motion would be decided based on plaintiff's submissions, unless defendant requested a hearing and/or submitted papers in response to plaintiff's motion by November 22, 2024. Defendant has not responded to the renewed motion and did not contact the Court to request a hearing.

On February 19, 2025, the Court Ordered plaintiff to submit a supplemental letter regarding its calculation of its requested damages (see Docket Order, dated February 19, 2025), which plaintiff submitted on February 26, 2025 (ECF No. 34).

## DISCUSSION

I. Default

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55 sets forth a two-step process for the entry of default judgment. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). First, the Clerk of Court enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. See id. Second, after the Clerk of Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the court may enter a default judgment. See Fed. R. Civ. P. 55(b).

Providing guidance as to when a default judgment is appropriate, the Second Circuit has cautioned that since a default judgment is an extreme remedy, it should only be entered as a last resort. See Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981); see also Sheet Metal, Air, Rail & Transp. Workers Loc. Union No. 127 v. Frank Torrone & Sons, Inc., No. 14 CV 2224, 2018 WL 4771897, at *4 (E.D.N.Y. Oct. 3, 2018), report and recommendation adopted, 2018 WL 6161655 (E.D.N.Y. Sept. 4, 2018). While the Second Circuit has recognized the "push on a trial court to

3

dispose of cases that, in disregard of the rules, are not processed expeditiously [and] . . . delay and clog its calendar," it has held that the district court must balance that interest with its responsibility to "[afford] litigants a reasonable chance to be heard." Enron Oil Corp. v. Diakuhara, 10 F.3d at 95-96. Thus, in light of the "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and "doubts should be resolved in favor of the defaulting party." Id. See also Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (noting that courts must "supervise default judgments with extreme care to avoid miscarriages of justice"). Furthermore, "[Rule 55(b)] states that a judgment by default 'may' be entered under specified circumstances, not that it must." Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. at 162. Accordingly, plaintiffs are not entitled to a default judgment as a matter of right simply because a party is in default. See, e.g., id.

Courts have significant discretion and may consider a number of factors in deciding whether to grant a default judgment, including: (1) whether the claims were adequately pleaded in the complaint, thereby placing the defendants on notice, see Fed. R. Civ. P. 54(c) (stating "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings"); King v. STL Consulting LLC, No. 05 CV 2719, 2006 WL 3335115, at *4-5 (E.D.N.Y. Oct. 3, 2006) (holding that Rule 54(c) is not violated in awarding damages that accrued during the pendency of a litigation, so long as the complaint put the defendant on notice that the plaintiff may seek such damages); (2) "whether the grounds for default are clearly established," Jeremiah v. 5 Towns Jewish Times, Inc., No. 22 CV 5942, 2023 WL 6593997, at *2 (E.D.N.Y. Aug. 9, 2023) (quoting Hirsch v. Innovation Int'l, Inc., No. 91 CV 4130, 1992 WL 316143, at *2 (S.D.N.Y. Oct. 19, 1992)); and (3) the amount of money potentially involved – "the more money involved, the less justification for entering the default judgment." Id.

4

Additionally, courts may consider whether material issues of fact remain, whether the facts alleged in the complaint state a valid cause of action, whether the plaintiff has been substantially prejudiced by the delay involved, and whether the default judgment might have a harsh effect on the defendants. See Pacific M. Int'l Corp. v. Raman Int'l Gems, Ltd., No. 10 CV 9250, 2012 WL 3194968, at *5 (S.D.N.Y. Aug. 7, 2012).

When a default judgment is entered, the defendant is deemed to have admitted all well-pleaded allegations in the complaint "except those relating to damages." Jeremiah v. 5 Towns Jewish Times, Inc., 2023 WL 6593997, at *3 (quoting Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). However, "a district court has discretion . . . to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action." Au Bon Pain Corp. v. Artect, Inc., 653 F.2d at 65.

Here, it is beyond dispute that defendant is in default. Despite proper service, defendant has not responded to the Complaint nor has defendant retained an attorney to represent it in this action. The failure of a corporate defendant to obtain counsel constitutes a failure to defend because a corporation cannot proceed *pro se* in federal court. See Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc., 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (noting that "it is well-established that a corporation may not appear in the Second Circuit unless represented by counsel" (citing Shapiro, Bernstein & Co. v. Cont'l Record Co., 386 F.2d 426, 427 (2d Cir. 1967) (per curiam))); see also Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 192 (2d Cir. 2006); Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983) (discussing the rationale for requiring corporations, as "artificial" entities, to appear only through counsel).

Furthermore, defendant has failed to respond to both of plaintiff's motions for default judgment. Defendant has also failed to submit any evidence to this Court relating to the

5

calculation of damages. See Hirsch v. Innovation Int'l, Inc., 1992 WL 316143, at *2 (holding that "[the defendant's] default is crystal clear – it does not even oppose this motion").

Accordingly, the Court respectfully recommends that defendant McDonald be deemed to have defaulted in fact.

II. Liability

Plaintiff's Complaint sets forth facts, which, if true, establish plaintiff's claim that defendant breached the terms of its agreement with plaintiff by accepting goods from plaintiff and failing to pay for them. (See Compl., Count I). In a diversity case, Second Circuit courts apply the substantive law of the forum state, which is New York in this case. See Omega Engineering, Inc. v. Omega, S.A., 432 F.3d 437, 443 (2d Cir. 2005). Under New York law, a party alleging an action for breach of contract must prove the following: "(1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." First Investors Corp. v. Liberty Mut. Ins. Co., 152 F.3d 162, 168 (2d Cir. 1998) (quoting Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525 (2d Cir. 1994)).

Accepting plaintiff's allegations as true for purposes of this motion, plaintiff has alleged the existence of an agreement for the purchase of goods by defendant from plaintiff, as evidenced by the invoices attached as Exhibit A to the Complaint. (Compl. ¶¶ 9-12 & Ex. A). Plaintiff has also sufficiently alleged the second and third elements of the claim by alleging that plaintiff performed under the agreement by delivering the goods, which were then accepted by defendant, but defendant breached the agreement by failing to pay. (Id. ¶¶ 14, 15). Finally, plaintiff alleges that it has been damaged in the amount of $951,132.34. (Id. ¶¶ 11, 17, 19).

6

The Court finds that plaintiff has adequately alleged a breach of contract claim that is sufficient to warrant entry of default judgment in plaintiff's favor.[3] These "uncontroverted allegations, without more, establish the defendant's liability on the asserted cause of action." Allstate Ins. Co. v. Tapper, No. 14 CV 5410, 2015 WL 6869702, at *5 (E.D.N.Y. Nov. 9, 2015) (quoting Mateo v. Universal Language Corp., No. 13 CV 2495, 2015 WL 5655689, at *4 (E.D.N.Y. Sept. 4, 2015)). Accordingly, it is respectfully recommended that a default judgment enter against defendant McDonald.

III. Damages

A. Legal Standard

Once a court determines that default judgment should enter, the plaintiff must still establish its entitlement to the damages sought. See Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974) (holding that "[w]hile a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation"); Wing v. East River Chinese Rest., 884 F. Supp. 663, 669 (E.D.N.Y. 1995) (explaining that "[a]lthough the default establishes a defendant's liability, unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded"). Unlike with the question of liability, a defaulting defendant is not deemed to have admitted all well-pleaded allegations concerning damages. See Jeremiah v. 5 Towns Jewish Times, Inc., 2023 WL 6593997, at *3. Thus, the plaintiff must still

---

[3] Although plaintiff has also adequately alleged a claim of unjust enrichment, see, e.g., Kaye v. Grossman, 202 F.3d 611, 616 (2d Cir. 2000), "the existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi-contract for events arising out of the same subject matter." Clark-Fitzpatrick, Inc. v. Long Island R. Co., 70 N.Y.2d 382, 388, 516 N.E.2d 190, 521 N.Y.S.2d 653 (1987). Accordingly, the Court need not address damages under the unjust enrichment claim.

prove damages in a manner that provides defendants with an opportunity to contest the claimed damages. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d at 158.

When a court enters a default judgment and the amount of damages sought does not consist of a sum certain, the court is permitted to "conduct hearings" or make referrals as necessary. Fed. R. Civ. P. 55(b)(2)(B). While "the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing." United States v. Richardson, No. 17 CV 2982, 2018 WL 4138934, at *3 (E.D.N.Y. Feb. 13, 2018) (quoting Fustok v. Conticommodity Servs., Inc., 122 F.R.D. 151, 156 (S.D.N.Y. 1988) (collecting cases), aff'd, 873 F.2d 38 (2d Cir. 1989)), report and recommendation adopted, 2018 WL 4119518 (E.D.N.Y. Aug. 29, 2018).

B. Calculation of Damages

Plaintiff seeks $951,132.34 in damages, which is the alleged value of the goods that defendant accepted from plaintiff without tendering payment. (Pl.'s Mem.[4] at 1, 8). In support of the damages request, plaintiff relies on an account summary and 50 invoices it generated for defendant's account. (See Pl.'s Mem. at 3 (citing Compl. ¶¶ 11-12 & Ex. A)). Donald Davis, plaintiff's Manager of Order to Cash, submitted a sworn Verification, dated May 31, 2023, stating that these business records are maintained in plaintiff's ordinary course of business, and that the records are "true and correct based upon [his] present knowledge, information, and belief." (Compl. at 6).

The invoices detail various product shipments made to defendant between March 27, 2018 and January 3, 2022 (see Compl., Ex. A), while the account summary lists invoices, finance charges, damaged goods, and a rebate. (Id.) The individual invoices total $1,104,305.75, but the

---

[4] Citations to "Pl.'s Mem." refer to Plaintiff's Second Motion for Default Judgment, filed on August 26, 2024 (ECF No. 30).

8

account summary indicates that the "Total Owing" on defendant's account is $964,473.39. (Id.) According to plaintiff's supplemental filing dated February 26, 2025, the "Total Owing" also reflects rebate credits of $135,860.65 "based upon purchases made in the year 2021[,]" "a single invoice in the amount of $350.00 that was inadvertently" excluded from the Complaint, and $1,591.84 related to "a reverse of prior credits provided to [d]efendant by [p]laintiff[.]" (Supp. Ltr.[5] at 2). Plaintiff decided to "forego collection of the finance charges in the aggregate amount of $13,341.05[,]" which yields plaintiff's requested damages amount of $951,132.34 when deducted from the "Total Owing." (Id. at 1-2).

Accordingly, it is respectfully recommended that a default judgment enter against defendant McDonald in the amount of $951,132.34.

## CONCLUSION

Accordingly, the Court respectfully recommends that plaintiff's motion for default judgment be granted, and that a default judgment enter against defendant McDonald in the amount of $951,132.34. The Court also recommends that plaintiff be granted post-judgment interest pursuant to 28 U.S.C. § 1961(a).[6]

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to

---

[5] This Court Ordered supplemental briefing as to how plaintiff calculated its requested damages amount in order to clarify apparent discrepancies between the invoices and the account summary. (See Docket Order, dated February 19, 2025). Plaintiff's supplemental filing, which was filed on February 26, 2025 (ECF No. 34) ("Supp. Ltr."), assuaged the Court's concerns. However, the Court notes that one entry on the account summary appears to be misplaced. Without Invoice No. 91119739, dated October 22, 2019 and including a total of $799.88, plaintiff's calculations are accurate. As such, the Court disregards this entry.

[6] In its Complaint, plaintiff also requests "all applicable service fees and court costs" (Compl. ¶ 19), but plaintiff does not include documentation or legal authority related to this category of damages in its motion for default judgment. As such, the Court does not make a recommendation as to this request.

9

appeal the district court's order.  See, e.g., Caidor v. Onondaga Cnty, 517 F.3d 601, 604 (2d Cir. 2008).

Plaintiff is Ordered to serve this Report and Recommendation on defendant and file proof of service on the docket on or before **March 3, 2025**.  The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
February 27, 2025

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York