UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HOLCIM SOLUTIONS AND PRODUCTS US, LLC, f/k/a FIRESTONE BUILDING PRODUCTS COMPANY, LLC,

Plaintiff,

-against-

MCDONALD METAL & ROOFING SUPPLY CORP.,

Defendant.

**MEMORANDUM & ORDER**

**23-CV-4448 (NGG) (PCG)**

NICHOLAS G. GARAUFIS, United States District Judge.

On June 15, 2023, Plaintiff Holcim Solutions and Products US, LLC, f/k/a Firestone Building Products Company ("Holcim") commenced this action against Defendant McDonald Metal & Roofing Supply Corp. ("McDonald"), seeking damages for breach of contract and, in the alternative, unjust enrichment. (*See* Compl. (Dkt. 1) ¶¶ 13-19 (breach of contract), 20-26 (unjust enrichment).) On November 10, 2023, McDonald was properly served. (Summons (Dkt 17).) After McDonald failed to answer the Complaint or otherwise appear to defend this case, the Clerk of Court entered a Certificate of Default on December 28, 2023. (Entry of Default (Dkt. 20).)

In the years since, Holcim has filed two unsuccessful motions for default judgment, each time failing to comply with the local, procedural rules governing default judgment. Now pending before the court is Holcim's third attempt. (Holcim's Third Mot. for Default J. (Dkt. 39); Holcim's Mem. in Supp. of Third Mot. for Default J. (Dkt. 40).) The court referred the motion to Magistrate

1

Judge Cheryl L. Pollak for a report and recommendation.[1] (Order Referring Mot. Dated 5/12/2025.) On December 19, 2025, Judge Pollak issued the annexed Report and Recommendation ("R&R"), recommending that Holcim's motion for default judgment be granted. (R&R (Dkt. 42) at 1.)

For the reasons set forth below, the court ADOPTS the R&R IN ITS ENTIRETY. Accordingly, the court GRANTS Holcim's motion for default judgment and AWARDS Holcim damages in the amount of $951,132.34 with post-judgment interest accruing pursuant to 28 U.S.C. § 1961.

## I.   BACKGROUND

The court assumes familiarity with the background of this case in light of its previous memorandum and orders, as well as Judge Pollak's description of the background facts and procedural history in the annexed R&R. (*See* Mem. & Order Dated 8/30/2024 ("August 2024 Order") (Dkt. 31); Mem. & Order Dated 3/27/2025 ("March 2025 Order") (Dkt. 36); R&R at 1-4.) Therefore, the court provides a summary of only the pertinent facts and procedural history here.

### A.   Factual Allegations

Holcim alleges that from October 2018 through January 2022, McDonald failed to pay for the roofing and building products Holcim sold and delivered to McDonald pursuant to McDonald's requests. (*See* Compl. ¶¶ 9-12.) Based on these allegations, Holcim brings two claims against McDonald: (1) a breach of contract claim for $951,132.34, the value of the aforementioned products; and, in the alternative, (2) an unjust enrichment claim

---

[1] At that time, Judge Pollak was the magistrate judge assigned to this case. On January 14, 2026, the case was reassigned to Magistrate Judge Peggy Cross-Goldenberg. (Order Reassigning Case Dated 1/14/2026.)

based on McDonald's alleged nonpayment for those goods. (*Id.* ¶¶ 13-19, 20-26.)

### B.  Procedural History

As mentioned, Holcim commenced this action on June 15, 2023, and McDonald was properly served on November 10, 2023. On December 28, 2023, the Clerk entered McDonald's default.

On January 10, 2024, Holcim filed its first motion for default judgment. (Holcim's Mot. for Default J. (Dkt. 21).) The court referred the motion to Judge Pollak for a report and recommendation, (Order Referring Mot. Dated 4/17/2024), and on August 30, 2024, adopted her recommendation to deny the motion without prejudice for failure to comply with Rules 7.1 and 55.2 of the Local Rules of the U.S. District Courts for the Southern and Eastern Districts of New York ("Local Civil Rules"), (*see* August 2024 Order at 1).

In the interim, Holcim renewed its motion—filing a second motion for default judgment on August 26, 2024. (Holcim's Second Mot. for Default J. (Dkt. 30).) McDonald did not respond, and the court referred Holcim's unopposed motion to Judge Pollak for a report and recommendation. (Order Referring Mot. Dated 9/12/2024.) On March 27, 2025, the court rejected Judge Pollak's recommendation to grant Holcim's second motion for default judgment, denying the motion without prejudice because Holcim failed to comply with Local Civil Rule 55.2. (*See* March 2025 Order at 1, 5-6.) The court also granted Holcim leave to file a renewed motion for default judgment. (*Id.* at 1, 7.)

On May 9, 2025, Holcim filed its third motion for default judgment—the motion at issue here. Again, McDonald did not respond. Again, the court referred the motion to Judge Pollak for a report and recommendation.

3

### C.  Report and Recommendation

By report and recommendation dated December 19, 2025, Judge Pollak recommended that this court grant Holcim's third motion for default judgment because it has now shown compliance with the Local Civil Rules. (R&R at 1, 3-4.) In addressing Holcim's request for default judgment, Judge Pollak also recommended that this court award Holcim $951,132.34 in damages with post-judgment interest accruing pursuant to Section 1961. (*Id.* at 11.)

No party has objected to the R&R, and the time to do so has passed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). (*See also* R&R at 11 ("Any objections to this [R&R] must be filed . . . within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the district court's order.") (internal citations omitted).)

## II.  STANDARD OF REVIEW

In reviewing a report and recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no objections have been made, the district court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *see also Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) (summary order) ("[Where] a party receives clear notice of the consequences of not objecting to a report and recommendation, the party's failure to object to any purported error or omission in a magistrate judge's report results in the district court's review only for clear error.").[2] Clear error is "found only

---

[2] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

when, upon review of the entire record, the [c]ourt is left with 'the definite and firm conviction that a mistake has been committed.'" *See United States v. Veeraswamy*, 765 F. Supp. 3d 168, 180 (E.D.N.Y. 2025) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

## III. DISCUSSION

The court has reviewed the unopposed R&R for clear error. Having found none, the court adopts the R&R in full pursuant to 28 U.S.C. § 636(b)(1).

### A. Default Judgment

For the following reasons, the court adopts Judge Pollak's recommendation that this court grant Holcim's third motion for default judgment against McDonald.

Under Rule 55(a) of the Federal Rules of Civil Procedure, "a party defaults when [it] 'has failed to plead or otherwise defend' the case at hand." *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 454 (2d Cir. 2013) (quoting Fed. R. Civ. P. 55(a)); *see also JTH Tax LLC v. Kukla*, No. 23-66, 2024 WL 826404, at *2 (2d Cir. Feb. 28, 2024) (summary order) (same). After the Clerk enters a party's default, Rule 55(a) requires that the default be "shown by affidavit or otherwise." Fed. R. Civ. P. 55(a); *see also Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011) (same). In addition, the movant must also "adhere[] to all of the applicable procedural rules." *Jimenez v. Green Olive Inc.*, 744 F. Supp. 3d 221, 241-42 (E.D.N.Y. 2024). This includes compliance with the Local Civil Rules. *See Trs. of Pavers & Rd. Builders Dist. Council Welfare, Pension, and Annuity Funds v. IKNA Constr. LLC*, No. 24-CV-0561 (CBA) (JAM), 2025 WL 447731, at *6 (E.D.N.Y. Jan. 15, 2025), *amended report and recommendation adopted*, 2025 WL 777108 (E.D.N.Y. Mar. 11, 2025); *see also Century Sur. Co. v. Atweek, Inc.*, No. 16-CV-0335 (ENV) (PK), 2018 WL

5

10466835, at *1 (E.D.N.Y. Jan. 9, 2018) (denying motion for default judgment because movant failed to comply with the Local Civil Rules).

Local Civil Rule 55.2 requires that in seeking a default judgment, the movant must file certain materials. In pertinent part, subsection (a) provides that the movant "must" file: (1) "an affidavit or declaration showing that" (i) "the [C]lerk has entered a default under Local Civil Rule 55.1," (ii) the movant "has complied with the Servicemembers Civil Relief Act, 50a U.S.C. § 521," and (iii) "the party against whom judgment is sought is not known to be a minor or an incompetent person"; and (2) "a certificate of service stating that all documents in support of the request for default judgment . . . have been personally served on, or mailed to the last known . . . business address . . . of, the party against whom default judgment is sought." Loc. Civ. R. 55.2(a)(1), (3). In addition, subsection (c) requires that the movant also "file a statement of damages, sworn or affirmed to by one or more people with personal knowledge, in support of the request, showing the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs." Loc. Civ. R. 55.2(c). "[T]he courts in this District have repeatedly held that a movant's failure to comply with Local [Civil] Rule 55.2 warrants denial of default judgment application." *Lugo v. Allstate Ins. Co.*, No. 19-CV-7150 (JMA) (JMW), 2022 WL 3928727, at *5 (E.D.N.Y. Aug. 10, 2022) (collecting cases), *report and recommendation adopted*, 2022 WL 3914981 (E.D.N.Y. Aug. 31, 2022).

Importantly, a movant is not entitled to default judgment simply because a party is in default; rather, the court must "supervise" the default judgment with "extreme care" to avoid any "miscarriage[] of justice." *See Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993). In exercising this supervision, the court has significant discretion and considers a number of factors. *See* Fed. R. Civ. P. 54(c); *see also Au Bon Pain*

*Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (observing the court's discretion and discussing the factors). Those factors include, for example, whether the grounds for default are "clearly established," whether the claims were adequately pleaded in the complaint such that the defaulting party was "on notice," and the "amount of money potentially involved." *Gomez v. W. Shore Inn Rest., Inc.*, No. 22-CV-0277 (EK) (CLP), 2023 WL 5337864, at *3 (E.D.N.Y. June 30, 2023), *report and recommendation adopted*, 2023 WL 5334415 (E.D.N.Y. Aug. 18, 2023); *see also Com. Lender LLC v. 413 Greene Realty 2014 Corp.*, No. 22-CV-2910 (HG) (PK), 2023 WL 7000877, at *3 (E.D.N.Y. Sept. 7, 2023) ("A court possesses significant discretion in granting a motion for default judgment, including whether the grounds for default are clearly established and the amount of money potentially involved.").

In considering whether to grant the requested default judgment in this case, Judge Pollak adequately considered these factors. First, she found that it is "beyond dispute" that McDonald is in default, that McDonald "failed to respond to any of [Holcim]'s motions for default judgment," and that McDonald "also failed to submit any evidence . . . relating to the calculation of damages." (R&R at 7.) Seeing no clear error on these findings, the court adopts the recommendation that "McDonald be deemed to have defaulted in fact." (*Id.*) Second, Judge Pollak also found that Holcim adequately alleged a breach of contract claim against McDonald under New York law, thereby placing McDonald on notice. (*Id.* at 8.) Having found no clear error in Judge Pollak's liability analysis, the court also adopts this finding. Third, and as discussed in more detail below, Judge Pollak also sufficiently and correctly considered the amount of money involved in this case.

Judge Pollak also found that Holcim complied with the Local Civil Rules because it submitted alongside this third motion for default judgment: (1) a signed declaration attesting to the facts

7

set forth in Rule 55.2(a)(1), (*id.* at 3 (citing Hambidge Decl. (Dkt. 39-5)); (2) a certificate of service, demonstrating compliance with Rule 55.2(a)(3), (*id.* at 4 (citing Certificate of Serv. (Dkt. 39 at ECF p.4))); and (3) a signed declaration of damages, complying with Rule 55.2(c), (*id.* (citing Davis Decl. (Dkt. 39-4)). Having found no clear error with this reasoning, the court adopts the finding that Holcim has complied with the Local Civil Rules.

For the above reasons, the court adopts Judge Pollak's recommendation to grant Holcim's third motion for default judgment because: (1) McDonald is, in fact, in default; (2) the allegations in the Complaint put McDonald on notice; and (3) Holcim complied with the applicable procedural rules.

### B.   Damages

For the following reasons, the court adopts Judge Pollak's recommendation that this court enter a default judgment in the amount of $951,132.34 with post-judgment interest accruing pursuant to Section 1961.

Upon the entry of a default judgment, the movant bears the burden of establishing its entitlement to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158, 161 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993); *see also Paulino v. S & P Mini Mkt. Corp.*, 791 F. Supp. 3d 457, 464 (S.D.N.Y. 2025) (same). "The evidence [it] submits must be admissible." *Burns v. Scott*, 635 F. Supp. 3d 258, 272 (S.D.N.Y. 2022); *see also Paulino*, 791 F. Supp. 3d at 464 (same). If that evidence provides "a 'sufficient basis from which to evaluate the fairness of' the requested damages," the court "need not conduct an evidentiary hearing." *Burns*, 635 F. Supp. 3d at 272 (quoting *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)); *see also Paulino*, 791 F. Supp. 3d at 464 (same). The court must merely "ensure that there is a basis for the damages specified in a default judgment." *Fustok v. Conticommodity Servs.,*

*Inc.*, 122 F.R.D. 151, 156 (S.D.N.Y. 1988), *aff'd*, 873 F.2d 38 (2d Cir. 1989).

Here, Holcim has provided sufficient, admissible evidence (including 50 invoices it generated for McDonald's account) pertaining to the damages that it incurred. (*See* Invoices (Dkt. 1-3); *see also* Sworn Verification of Donald Davis (Dkt. 1) at 6 (stating that these records are "maintained by [Holcim] in its ordinary course of business" and are "true and correct based upon [his] present knowledge, information, and belief"); Holcim's Letter Pursuant to Feb. 19, 2025 Order ("Holcim's Suppl. Damages Letter") (Dkt. 34) at 1-2 (clarifying Holcim's calculation of the requested damages amount).) Where, as here, the defendant has failed to make an appearance, the court can make an informed recommendation regarding damages without an evidentiary hearing. *See Paulino*, 791 F. Supp. 3d at 464 (concluding that "a hearing is unnecessary" if the movant's "submissions have not been contested and they provide all the information required to determine [the plaintiff]'s damages").

Having found no clear error in Judge Pollak's damages calculation, the court enters a default judgment against McDonald in the amount of $951,132.34 with post-judgment interest accruing pursuant to Section 1961.[3] *See Doe v. E. Lyme Bd. of Educ.*, No. 21-28, 2024 WL 1152494, at *2 (2d Cir. Mar. 18, 2024)

---

[3] On February 19, 2025, Judge Pollak ordered supplemental briefing on Holcim's calculation of its requested damages amount. (*See* Text Order Dated 2/19/2025.) Holcim's response clarified apparent discrepancies between this amount ($951,132.34), the total amount "due and owing" listed in the account summary attached to the Complaint ($964,473.39), and the total amount listed in the invoices attached to the Complaint ($1,104,305.75). (Holcim's Suppl. Damages Letter at 1-2 & n.3.) As the requested damages amount equals the difference of the total amount "due and owing" ($964,473.39) and the amount of the charges that Holcim has decided to "forgo collection" on ($13,341.05), the court finds no clear error in Judge Pollak's damages calculation.

(summary order) ("Pursuant to 28 U.S.C. § 1961, the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.") (quoting *Tru-Art Sign Co. v. Loc. 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (adding that "Section 1961's terms do not permit of the exercise of judicial discretion in its application")).

## IV.  CONCLUSION

For the above reasons, the court ADOPTS the R&R IN FULL. Consequently, the court GRANTS Holcim's motion for default judgment against McDonald, and AWARDS Holcim damages in the amount of $951,132.34 with post-judgment interest, which shall be calculated from the date of entry of judgment by the Clerk of Court, in accordance with 28 U.S.C. § 1961. The court respectfully DIRECTS the Clerk of Court to enter a judgment consistent with this Memorandum and Order.

SO ORDERED.

Dated:   Brooklyn, New York
         February 4, 2026

                                   s/Nicholas G. Garaufis
                                   NICHOLAS G. GARAUFIS
                                   United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HOLCIM SOLUTIONS AND PRODUCTS
US, LLC, f/k/a FIRESTONE BUILDING
PRODUCTS COMPANY, LLC,

                           Plaintiff,

                -against-

MCDONALD METAL & ROOFING
SUPPLY CORP.,

                         Defendant.
------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
23 CV 4448 (NGG) (CLP)

**POLLAK**, United States Magistrate Judge:

On June 15, 2023, plaintiff Holcim Solutions and Products US, LLC, f/k/a Firestone

Building Products Company ("plaintiff" or "Holcim"), commenced this action against defendant

McDonald Metal & Roofing Supply Corp. ("defendant" or "McDonald"), seeking damages for

breach of contract and unjust enrichment. (Compl.[1]).

Currently pending before the Court is plaintiff's third Motion for default judgment. (ECF

No. 39). For the reasons set forth below, the Court respectfully recommends that plaintiff's

Motion be granted.

## BACKGROUND

The factual background to this lawsuit is set forth in greater detail in this Court's prior

Report and Recommendation,[2] issued July 14, 2024, and is incorporated by reference herein.

In short, plaintiff Holcim sells roofing and building solutions. (Compl. ¶ 8). From time

---

[1] Citations to "Compl." refer to plaintiff's Verified Complaint for Breach of Contract and Unjust Enrichment, filed June 15, 2023. (ECF No. 1).

[2] Citations to "Report" refer to the Court's prior Report and Recommendation, issued on July 14, 2024 (ECF No. 27).

to time, plaintiff alleges that defendant requested to purchase roofing and building products, which plaintiff agreed to sell and deliver. (Id. ¶ 9). From approximately October 30, 2018, through January 31, 2022, plaintiff allegedly sold and delivered goods valued at $951,132.34 per defendant's request, and these transactions were reflected in invoices issued to defendant. (Id. ¶¶ 10, 11, 12, Ex. A). Plaintiff alleges that defendant failed to pay for the products plaintiff delivered to defendant, and asserts two claims: (1) breach of contract in the amount of $951,132.34 (Count I); and in the alternative (2) unjust enrichment based on defendant's nonpayment for goods sold by plaintiff (Count II).

Defendant was served on November 10, 2023, by service upon the New York State Secretary of State. (ECF No. 17). When defendant failed to answer the Complaint or appear to defend the case, a default was entered by the Clerk of Court on December 28, 2023. (ECF No. 20). Plaintiff thereafter filed a motion for default judgment (ECF No. 21), which was later referred to the undersigned by the Honorable Nicholas G. Garaufis. (See ECF Order dated April 17, 2024).

On July 14, 2024, this Court issued a Report and Recommendation, recommending that plaintiff's motion be denied without prejudice to refile in accordance with Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rules") 7.1 and 55.2. (Report at 7). Overruling plaintiff's objection (see ECF No. 28), the district court adopted the Report on August 30, 2024. (ECF No. 31).

By Notice of Motion filed on August 26, 2024, plaintiff renewed its motion for default judgment, accompanied by a copy of the Clerk's Certificate of Default, the Verified Complaint, a proposed form of judgment, a Memorandum of Law, and supporting exhibits in compliance with Local Civil Rules 7.1 and 55.2. (See ECF No. 30). Plaintiff's renewed motion for default

2

judgment was also referred to the undersigned by the Honorable Nicholas G. Garaufis. (See ECF Order dated September 12, 2024).

On October 24, 2024, this Court issued an Order indicating that plaintiff's motion would be decided based on plaintiff's submissions, unless defendant requested a hearing and/or submitted papers in response to plaintiff's motion by November 22, 2024. Defendant did not respond to the renewed motion and did not contact the Court to request a hearing.

On February 19, 2025, the Court Ordered plaintiff to submit a supplemental letter regarding its calculation of its requested damages (see ECF Order dated February 19, 2025), which plaintiff submitted on February 26, 2025 (ECF No. 34).

The Court recommended to the district judge in a February 27, 2025, Report and Recommendation, that default judgment be entered against defendant. (ECF No. 35). On March 27, 2025, the district court rejected this Court's Report and Recommendation, on the grounds that plaintiff had failed to comply with Local Civil Rules 55.2(a)(1), (a)(3), and 55.2(c). (ECF No. 36). The district court also noted updates to these Local Civil Rules as of January 2, 2025, but noted that Rule 55.2 had not changed since the July 1, 2024, update. (Id. at 6, n.4). The district court granted plaintiff leave to file a renewed motion, and on May 9, 2025, plaintiff filed its third Motion for default judgment (ECF No. 39), which was thereafter referred to the undersigned on May 12, 2025. (ECF Order dated May 12, 2025).

As required by Local Civil Rule 55.2(a)(1), plaintiff has submitted with its third Motion a signed Declaration by Todd R. Hambidge, attesting to the following facts: the Clerk of Court entered a Certificate of Default under Local Civil Rule 55.1 on December 28, 2023; plaintiff has complied with the Servicemembers Civil Relief Act, 50 U.S.C. § 521; and defendant is a company, and therefore not a minor or incompetent person. (ECF No. 39-5). The Declaration is

3

accompanied by a Certificate of Service for that document. (Id. at 2).

In accordance with Local Civil Rule 55.2(a)(3), plaintiff's counsel, Blake D. Roth, has submitted a Certificate of Service along with plaintiff's Motion, certifying that, "as of May 9, 2025, all documents in support of the request for default judgment, including the 'Clerk's Certificate of Default' and any papers required by Local Civil Rule 55.2 have been personally served on, or mailed to the last known business address of, Defendant, against whom default judgment is sought." (ECF No. 39 at 4). Plaintiff has hereby demonstrated compliance with Local Civil Rule 55.2(a)(3).

Local Civil Rule 55.2(c) requires a party moving for default to file a statement of damages "sworn or affirmed to by one or more people with personal knowledge." Plaintiff has now submitted a statement of damages that complies with this rule, signed and attested to by Don Davis, the Senior Finance Manager – Order to Cash at Holcim Solutions and Products US, LLC. (ECF No. 39-4). Included with that declaration is proof of service of the statement of damages on defendant, in compliance with Local Civil Rule 55.2(a)(3). (Id. at 3).

The Court finds that plaintiff has now complied with the Local Civil Rules in accordance with the district court's Order. Accordingly, for the same reasons that this Court recommended granting plaintiff's second motion for default judgment, the Court recommends granting plaintiff's third Motion for default judgment.

## DISCUSSION

I.   Default

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55 sets forth a two-step process for the entry of default judgment. See Enron Oil

4

Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). First, the Clerk of Court enters the default

pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. See

id. Second, after the Clerk of Court enters a default against a party, if that party fails to appear or

otherwise move to set aside the default pursuant to Rule 55(c), the court may enter a default

judgment. See Fed. R. Civ. P. 55(b).

Providing guidance as to when a default judgment is appropriate, the Second Circuit has

cautioned that since a default judgment is an extreme remedy, it should only be entered as a last

resort. See Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981); see also Sheet Metal, Air, Rail &

Transp. Workers Loc. Union No. 127 v. Frank Torrone & Sons, Inc., No. 14 CV 2224, 2018 WL

4771897, at *4 (E.D.N.Y. Oct. 3, 2018), report and recommendation adopted by, 2018 WL

6161655 (E.D.N.Y. Sept. 4, 2018). While the Second Circuit has recognized the "push on a trial

court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] . . .

delay and clog its calendar," it has held that the district court must balance that interest with its

responsibility to "[afford] litigants a reasonable chance to be heard." Enron Oil Corp. v.

Diakuhara, 10 F.3d at 95-96. Thus, in light of the "oft-stated preference for resolving disputes

on the merits," default judgments are "generally disfavored," and "doubts should be resolved in

favor of the defaulting party." Id. See also Erwin DeMarino Trucking Co. v. Jackson, 838 F.

Supp. 160, 162 (S.D.N.Y. 1993) (noting that courts must "supervise default judgments with

extreme care to avoid miscarriages of justice"). Furthermore, "[Rule 55(b)] states that a

judgment by default 'may' be entered under specified circumstances, not that it must." Erwin

DeMarino Trucking Co. v. Jackson, 838 F. Supp. at 162. Accordingly, plaintiffs are not entitled

to a default judgment as a matter of right simply because a party is in default. See, e.g., id.

5

Courts have significant discretion and may consider a number of factors in deciding whether to grant a default judgment, including:  (1) whether the claims were adequately pleaded in the complaint, thereby placing the defendants on notice, see Fed. R. Civ. P. 54(c) (stating "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings"); King v. STL Consulting LLC, No. 05 CV 2719, 2006 WL 3335115, at *4-5 (E.D.N.Y. Oct. 3, 2006) (holding that Rule 54(c) is not violated in awarding damages that accrued during the pendency of a litigation, so long as the complaint put the defendant on notice that the plaintiff may seek such damages); (2) "whether the grounds for default are clearly established," Jeremiah v. 5 Towns Jewish Times, Inc., No. 22 CV 5942, 2023 WL 6593997, at *2 (E.D.N.Y. Aug. 9, 2023) (quoting Hirsch v. Innovation Int'l, Inc., No. 91 CV 4130, 1992 WL 316143, at *2 (S.D.N.Y. Oct. 19, 1992)); and (3) the amount of money potentially involved – "the more money involved, the less justification for entering the default judgment." Id. Additionally, courts may consider whether material issues of fact remain, whether the facts alleged in the complaint state a valid cause of action, whether the plaintiff has been substantially prejudiced by the delay involved, and whether the default judgment might have a harsh effect on the defendants.  See Pacific M. Int'l Corp. v. Raman Int'l Gems, Ltd., No. 10 CV 9250, 2012 WL 3194968, at *5 (S.D.N.Y. Aug. 7, 2012).

When a default judgment is entered, the defendant is deemed to have admitted all well-pleaded allegations in the complaint "except those relating to damages." Jeremiah v. 5 Towns Jewish Times, Inc., 2023 WL 6593997, at *3 (quoting Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)).  However, "a district court has discretion . . . to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action." Au Bon Pain Corp. v. Artect, Inc., 653 F.2d at 65.

6

Here, it is beyond dispute that defendant is in default. Despite proper service, defendant has not responded to the Complaint, nor has defendant retained an attorney to represent it in this action. The failure of a corporate defendant to obtain counsel constitutes a failure to defend because a corporation cannot proceed *pro se* in federal court. See Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc., 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (noting that "it is well-established that a corporation may not appear in the Second Circuit unless represented by counsel" (citing Shapiro, Bernstein & Co. v. Cont'l Record Co., 386 F.2d 426, 427 (2d Cir. 1967) (per curiam))); see also Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 192 (2d Cir. 2006); Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983) (discussing the rationale for requiring corporations, as "artificial" entities, to appear only through counsel).

Furthermore, defendant has failed to respond to any of plaintiff's motions for default judgment. Defendant has also failed to submit any evidence to this Court relating to the calculation of damages. See Hirsch v. Innovation Int'l, Inc., 1992 WL 316143, at *2 (holding that "[the defendant's] default is crystal clear – it does not even oppose this motion").

Accordingly, the Court respectfully recommends that defendant McDonald be deemed to have defaulted in fact.

II.    Liability

Plaintiff's Complaint sets forth facts, which, if true, establish plaintiff's claim that defendant breached the terms of its agreement with plaintiff by accepting goods from plaintiff and failing to pay for them. (See Compl., Count I). In a diversity case, courts in the Second Circuit apply the substantive law of the forum state, which is New York in this case. See Omega Engineering, Inc. v. Omega, S.A., 432 F.3d 437, 443 (2d Cir. 2005). Under New York law, a party alleging an action for breach of contract must prove the following: "(1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." First

Investors Corp. v. Liberty Mut. Ins. Co., 152 F.3d 162, 168 (2d Cir. 1998) (quoting Rexnord

Holdings, Inc. v. Bidermann, 21 F.3d 522, 525 (2d Cir. 1994)).

Accepting plaintiff's allegations as true for purposes of this Motion, plaintiff has alleged

the existence of an agreement for the purchase of goods by defendant from plaintiff, as

evidenced by the invoices attached as Exhibit A to the Complaint.  (Compl. ¶¶ 9-12 & Ex. A).

Plaintiff has also sufficiently alleged the second and third elements of the claim by alleging that

plaintiff performed under the agreement by delivering the goods, which were then accepted by

defendant, but defendant breached the agreement by failing to pay.  (Id. ¶¶ 14, 15).  Finally,

plaintiff alleges that it has been damaged in the amount of $951,132.34.  (Id. ¶¶ 11, 17, 19).

The Court finds that plaintiff has adequately alleged a breach of contract claim that is

sufficient to warrant entry of default judgment in plaintiff's favor.[3]  These "uncontroverted

allegations, without more, establish the defendant's liability on the asserted cause of action."

Allstate Ins. Co. v. Tapper, No. 14 CV 5410, 2015 WL 6869702, at *5 (E.D.N.Y. Nov. 9, 2015)

(quoting Mateo v. Universal Language Corp., No. 13 CV 2495, 2015 WL 5655689, at *4

(E.D.N.Y. Sept. 4, 2015)).  Accordingly, it is respectfully recommended that a default judgment

enter against defendant McDonald.

III.   Damages

  A.  Legal Standard

Once a court determines that default judgment should enter, the plaintiff must still

establish its entitlement to the damages sought.  See Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir.

---

[3] Although plaintiff has also adequately alleged a claim of unjust enrichment, see, e.g., Kaye v. Grossman, 202 F.3d 611, 616 (2d Cir. 2000), "the existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi-contract for events arising out of the same subject matter." Clark-Fitzpatrick, Inc. v. Long Island R. Co., 70 N.Y.2d 382, 388, 516 N.E.2d 190, 521 N.Y.S.2d 653 (1987). Accordingly, the Court need not address damages under the unjust enrichment claim.

8

1974) (holding that "[w]hile a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation"); Wing v. East River Chinese Rest., 884 F. Supp. 663, 669 (E.D.N.Y. 1995) (explaining that "[a]lthough the default establishes a defendant's liability, unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded").  Unlike with the question of liability, a defaulting defendant is not deemed to have admitted all well-pleaded allegations concerning damages.  See Jeremiah v. 5 Towns Jewish Times, Inc., 2023 WL 6593997, at *3.  Thus, the plaintiff must still prove damages in a manner that provides defendants with an opportunity to contest the claimed damages.  See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 506 U.S. 1080 (1993).

When a court enters a default judgment and the amount of damages sought does not consist of a sum certain, the court is permitted to "conduct hearings" or make referrals as necessary.  Fed. R. Civ. P. 55(b)(2)(B).  While "the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing."  United States v. Richardson, No. 17 CV 2982, 2018 WL 4138934, at *3 (E.D.N.Y. Feb. 13, 2018) (quoting Fustok v. Conticommodity Servs., Inc., 122 F.R.D. 151, 156 (S.D.N.Y. 1988) (collecting cases), aff'd, 873 F.2d 38 (2d Cir. 1989)), report and recommendation adopted, 2018 WL 4119518 (E.D.N.Y. Aug. 29, 2018).

B. <u>Calculation of Damages</u>

Plaintiff seeks $951,132.34 in damages, which is the alleged value of the goods that defendant accepted from plaintiff without tendering payment. (Pl.'s Mem.[4] at 1, 9).  In support

---

[4] Citations to "Pl.'s Mem." refer to Plaintiff's Memorandum of Law in Support of Plaintiff's Third Motion for Default Judgment, filed on May 9, 2025 (ECF No. 40).

of the damages request, plaintiff relies on an account summary and 50 invoices it generated for defendant's account. (See Pl.'s Mem. at 2 (citing Compl. ¶¶ 11-12 & Ex. A)). Donald Davis, plaintiff's Manager of Order to Cash, submitted a sworn Verification, dated May 31, 2023, stating that these business records are maintained in plaintiff's ordinary course of business, and that the records are "true and correct based upon [his] present knowledge, information, and belief." (Compl. at 6).

The invoices detail various product shipments made to defendant between March 27, 2018 and January 3, 2022 (see Compl., Ex. A), while the account summary lists invoices, finance charges, damaged goods, and a rebate. (Id.) The individual invoices total $1,104,305.75, but the account summary indicates that the "Total Owing" on defendant's account is $964,473.39. (Id.) According to plaintiff's supplemental filing dated February 26, 2025, the "Total Owing" also reflects rebate credits of $135,860.65 "based upon purchases made in the year 2021[,]" "a single invoice in the amount of $350.00 that was inadvertently" excluded from the Complaint, and $1,591.84 related to "a reverse of prior credits provided to [d]efendant by [p]laintiff[.]" (Supp. Ltr.[5] at 2). Plaintiff decided to "forego collection of the finance charges in the aggregate amount of $13,341.05[,]" which yields plaintiff's requested damages amount of $951,132.34 when deducted from the "Total Owing." (Id. at 1-2).

Accordingly, it is respectfully recommended that a default judgment enter against defendant McDonald in the amount of $951,132.34.

---

[5] This Court Ordered supplemental briefing as to how plaintiff calculated its requested damages amount in order to clarify apparent discrepancies between the invoices and the account summary. (See Docket Order, dated February 19, 2025). Plaintiff's supplemental filing, which was filed on February 26, 2025 (ECF No. 34) ("Supp. Ltr."), assuaged the Court's concerns. However, the Court notes that one entry on the account summary appears to be misplaced. Without Invoice No. 91119739, dated October 22, 2019 and including a total of $799.88, plaintiff's calculations are accurate. As such, the Court disregards this entry.

CONCLUSION

Accordingly, the Court respectfully recommends that plaintiff's third Motion for default

judgment be granted, and that a default judgment enter against defendant McDonald in the

amount of $951,132.34.  The Court also recommends that plaintiff be granted post-judgment

interest pursuant to 28 U.S.C. § 1961(a).[6]

Any objections to this Report and Recommendation must be filed with the Clerk of the

Court, with a copy to the undersigned, within **fourteen (14) days** of receipt of this Report.  See

28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method

for computing time).  Failure to file objections within the specified time waives the right to

appeal the district court's order.  See, e.g., Caidor v. Onondaga Cnty, 517 F.3d 601, 604 (2d Cir.

2008).

Plaintiff is Ordered to serve this Report and Recommendation on defendant and file proof

of service on the docket immediately thereafter.  The Clerk is directed to send copies of this

Report and Recommendation to the parties either electronically through the Electronic Case

Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
        December 19, 2025                          /s/ Cheryl L. Pollak
                                                   Cheryl L. Pollak
                                                   United States Magistrate Judge
                                                   Eastern District of New York

---

[6] In its Complaint, plaintiff also requests "all applicable service fees and court costs" (Compl. ¶ 19), but plaintiff does not include documentation or legal authority related to this category of damages in its motion for default judgment.  As such, the Court does not make a recommendation as to this request.

11